**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE RUTILIO MONTALVO-
ARCHILA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72796

Agency No. A078-914-996

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jose Rutilio Montalvo-Archila, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Montalvo-Archila's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening given the immigration judge's ("IJ") underlying adverse credibility determination. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We lack jurisdiction to review Montalvo-Archila's challenge to the IJ's underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 995.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.